## HOOVER-BOND CO v BLATTNER et

Ohio Appeals, 3rd Dist, Allen Co

No 684.   Decided March 5, 1936

Lippincott & Lippincott, Lima, for plaintiff in error.

Wheeler, Bentley, Neville & Cory, Lima, and A. L. Nagin, for defendants in error.

### OPINION

By GUERNSEY, J.

This is an error proceeding from the Court of Common Pleas of Allen County, Ohio.

The plaintiff in error, The Hoover-Bond Company, filed its petition in that court

against the defendants in error Samuel C. Blattner, Ralph S. Dettleback, The National Refunding Corporation, Charles Wasserman, and the Sigrist Auction Company.

The defendants below, who are defendants in error here, filed their separate demurrers to this petition and the lower court sustained the demurrers and the plaintiff below, plaintiff in error here, not desiring to plead further, the court entered final judgment on said demurrers in favor of the defendants, and this error proceeding is brought to reverse said judgment.

The petition, omitting the formal parts, is in the words and figures following to-wit:

"Now comes the plaintiff and says that it is a corporation duly organized under the laws of the State of Ohio with its principal place of business at Lima, Ohio, where it is and has been conducting a furniture store for the sale of furniture at retail at 28 Public Square, Lima, Ohio.

"Plaintiff further says that on or about the 6th day of May, 1935, one Clare G. Stout was appointed by the Common Pleas Court of Allen County, Ohio, as the receiver for The Hoover-Bond Company; that thereafter the said receiver by the order of said court caused a public sale to be advertised and held on July 13, 1935, at the storeroom of the plaintiff in Lima, Ohio, where such furniture store was being conducted prior thereto; that a sale was then made to the defendant, Samuel G. Blattner of all of the merchandise and accounts of the said plaintiff company upon the bid of said Samuel G. Blattner of $8400.00 and that a bill of sale for the same was thereupon delivered by said receiver to said purchaser.

"Plaintiff says that before and while said sale was being carried on by said receiver the defendants entered into a certain secret plan, pool and arrangement among themselves in consideration of their mutual promises, whereby it was agreed among said defendants that the said Samuel G. Blattner should bid upon the property of the plaintiff then offered and the other defendants mentioned herein agreed not to bid in competition with the bid of said Samuel G. Blattner and that after said public sale was had each and all of said defendants should bid among themselves, as to what amount each would give for the said property and that the difference between the public sale price at which said Samuel G. Blattner should be successful in buying the said property and the highest offer that any of the said defendants should thereafter make for said property should be divided into four equal parts and distributed among said defendants equally, that by reason of said agreement and secret arrangement among the said defendants said Samuel G. Blattner did the bidding at said public sale and became the purchaser at eighty four hundred dollars and each of the defendants except said Samuel G. Blattner did not bid at said sale and each of the said defendants thereafter did make a bid among themselves by reason whereof said Ralph Dettleback and his associates, being the highest bidders at said subsequent sale, purchased the same as among themselves at the price of ten thousand dollars and the said defendant, Samuel G. Blattner did then immediately transfer all said property which he had purchased theretofore for $8400.00 to said Ralph Dettleback and his associates for $10,000.00; that by reason of said plan, pool and agreement the defendants received the amount of $1600.00 to be their share and payment for entering into said secret agreement and completing its terms.

"Plaintiff says that said secret plan, pool and agreement was wilfully and intentionally entered into among said defendants with a design against said plaintiff for the purpose of preventing competition in the said public sale of the said merchandise and property of plaintiff, and that the same was a combination made and entered into by which the said defendants each bound themselves to the other in such manner as to directly preclude a free and unrestricted competition among themselves as purchasers in said sale and by which said defendants agreed to pool their interests in order that the sale price might be affected and materially reduced and in order that the said defendants might directly or indirectly divide among themselves the margin between the price which the highest bidder among themselves was willing to pay and the amount at which the said purchase might be made by said defendant Samuel G. Blattner, who by said agreement was authorized to do the bidding at said public sale.

"Plaintiff says that said arrangement and secret bidding and the said combination thus set up among said defendants resulted to the injury and damage to said plaintiff, for the total amount of the liabilities of the plaintiff company at the time of the appointment of said receiver was $5680.82; that additional items of liability including an account of W. F. Hoover and unpaid personal property taxes brought the total liabilities of said company up to the amount of $8380.82; that the reecivership collected

on private sales and upon outstanding accounts belonging to said plaintiff an amount sufficient to meet all of the receivership expenses; that all of the loss occasioned by said aforesaid combination of the said defendants is sustained by said plaintiff.

"Plaintiff further says that the aforesaid plan, pool and arrangement of said defendants constitutes a combination and is unlawful and in violation of §6391 GC and other statutes of the State of Ohio, and that the aforesaid acts of said defendants have caused the plaintiff to employ counsel and institute this action to regain its damages in the sum of $1600.00 and a like amount for punitive damage as provided for by°law, and exemplary damages herein.

"Wherefore plaintiff prays that it may recover actual punitive, and exemplary damages from the defendants herein in the amount of $3200.00 and its costs."

The demurrers filed to the petition by each of the defendants are in the general form following:

"Now comes the defendant ........ and demurs to the plaintiff's petition for the following reasons, to-wit:

"1st. That the facts as stated do not constitute a cause of action.

"2nd. That the plaintiff has no legal capacity to sue.

"3rd. That the court has no jurisdiction of the subject matter of this action.

"4th. That there is a misjoinder of parties defendant.

"5th. That separate causes of action against several defendants are improperly joined."

We will limit our consideration on the demurrers to the ground "that the plaintiff has no legal capacity to sue", as in the view we take of this case a consideration of this ground disposes of the entire error proceeding.

It is alleged in the petition that on or about the 6th day of May, 1935, one Clare G. Stout was appointed by the Court of Common Pleas of Allen County, Ohio, as a receiver for The Hoover-Bond Company; that thereafter said receiver by the order of said court caused a public sale to be advertised and held on July 13, 1935, at the storerooms of the plaintiff in Lima, Ohio, where said furniture store was being conducted prior thereto; that a sale was then made to the defendant Samuel G. Blattner of all the merchandise and accounts of the said plaintiff company upon the bid of said Samuel G. Blattner of $8400 and that a bill of sale for the same was thereupon delivered by said receiver to said purchaser.

The allegations of the petition following this allegation relate to the commission of various acts on the part of the several defendants in connection with a secret plan and agreement entered into by them whereby competition among them as respective bidders was obviated and one of them bid in the stock of goods at a price of $8400, and later pursuant to said agreement said defendants bid among themselves for said goods which were purchased by one of them at a price of $10,000 and the difference between the two sums divided among said defendants.

There is no allegation in the petition that the receivership had been terminated at the time the action was brought, and no allegation as to whether the alleged fraud was discovered before or after the confirmation of sale, and no allegation of notice to the receiver of such fraud, or demand on the receiver to bring such action, and the receiver is not made a party to the action.

The allegation which we have separately quoted above, together with the other facts alleged in the petition, establish the fact that a receiver was appointed by the Common Pleas Court for The Hoover-Bond Company and that the sale of the property concerning which complaint is made, was made under order of court by the receiver.

In Jones' Commentaries on Evidence, Second Edition, Volume 1, page 438, it is stated:

"It is well settled that, when things are once proved to have existed in a particular state, there is a natural inference, legally recognized, that they continued in that state for such length of time as is reasonable in view of the character of the thing, and such inference or presumption of fact obtains until the contrary is established by evidence either direct or circumstantial."

The presumption mentioned applies to allegations in a pleading as well as to evidence and where a state of facts is alleged to have existed the continuance of such state of facts is presumed to continue to exist until the contrary is alleged.

Applying this presumption to the petition in the case at bar, the existence of the receivership alleged in the petition is presumed to have continued to exist at the time the petition was filed, and as the wrong alleged occurred in connection with the sale of the goods by the receiver, the

cause of action if any, for such wrong is vested in the receiver.

Under the rule laid down in the case of **Saxton v Seiberling, 48 Oh St at page 554,** while the receivership continued in effect it was necessary, in order that the plaintiff might have legal capacity to sue, that it allege in its petition that upon ascertaining the fraud so claimed to have been perpetrated on it, that it informed the receiver of the fact and requested him to bring an action to set aside the sale and relieve the trust estate from the loss and damage consequent upon the fraud, and that the receiver refused to bring the action, and that thereupon the plaintiff brought the action, making the receiver a party defendant.

We therefore hold that the demurrers to the petition were properly sustained by the lower court on the ground that the plaintiff is without legal capacity to sue. The judgment of the lower court will therefore be affirmed at costs of plaintiff in error.

KLINGER, PJ, and CROW, J, concur.